MARY K. ALEJANDRO, Acting Regional Solicitor
DAVID M. KAHN, Counsel for Employment Standards
CA Bar No. 230957
KATHERINE M. KASAMEYER, Trial Attorney
CA Bar No. 261820
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7742
Facsimile: (415) 625-7772
email: Kasameyer.katherine@dol.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>  Plaintiff,<br><br>vs.<br><br>PRAKASH PATEL, an individual, PARUL PATEL, an individual, and SILVERSTAR HOSPITALITY, INC., d/b/a CHAAT PARADISE,<br>  Defendants. | Case No. CV12 0249<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants PRAKASH PATEL, an individual, PARUL PATEL, an individual, and SILVERSTAR HOSPITALITY, INC., d/b/a CHAAT PARADISE, from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*), hereinafter called the Act, pursuant to section 17 of the Act; 29 U.S.C. § 217, and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

II

(a) Defendant SILVERSTAR HOSPITALITY, INC. d/b/a CHAAT PARADISE, is and at all times hereinafter mentioned was a corporation with an office and a place of business at 165 El Camino Real, Mountain View, California, within the jurisdiction of this Court, and is and at all times hereinafter mentioned was engaged under the name of Chaat Paradise in the operation of a restaurant open to the general public and in the performance of related types of activities.

(b) Defendant PRAKASH PATEL, an individual, resides in Campbell, California, within the jurisdiction of this Court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

(c) Defendant PARUL PATEL, an individual, at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

III

Defendant SILVERSTAR HOSPITALITY, INC., d/b/a CHAAT PARADISE, is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

IV

Defendant SILVERSTAR HOSPITALITY, INC., d/b/a CHAAT PARADISE, at all times hereinafter mentioned is and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing many of their employees, who in workweeks were engaged in commerce or in the production of goods for commerce or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

VI

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the time of day and day of week on which the work week began, the hours worked each workday, and the total hours worked each week, with respect to many employees.

VII

During the period since January 19, 2009, defendants have repeatedly and willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, Plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order:

(1) pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime compensation and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A for the period beginning January 19, 2009 (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

(2) pursuant to section 17 of the Act, enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due defendants' employees listed in the attached Exhibit A for the period beginning January 19, 2009 (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint) and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(c) For an Order awarding Plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: January 17, 2012

M. PATRICIA SMITH
Solicitor of Labor
MARY K. ALEJANDRO
Acting Regional Solicitor
DAVID M. KAHN
Counsel Employment Standards

*(signature)*
KATHERINE M. KASAMEYER
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Attorneys for Plaintiff

**EXHIBIT A**

1. AGUILAR, ALBERTO HUGO
2. CHAVEZ, AQUILINA
3. GREGORIO-ALEJANDRESS, ADAN
4. HERRERA, DIONEL
5. JOSE, CARMEN
6. MARINO, MIGUEL
7. MARTINEZ-LUIS, LORENA
8. MORALES, NOE
9. ROJAS-SANCHEZ, LUCILLA
10. SANCHEZ, ADELINA
11. SANCHEZ, MARGARITA
12. SANCHEZ-EUSEBIO, ROSARIO
13. VELASQUEZ, SARA