UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br>v.<br><br>PRAKASH PATEL, an individual, PARUL PATEL, an individual, and SILVERSTAR HOSPITALITY, INC., d/b/a/ CHAAT PARADISE,<br><br>Defendant. | Case No.: 12-CV-0249-PSG<br><br>**ORDER TO REASSIGN TO A U.S. DISTRICT JUDGE; REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Re: Docket No. 16)** |

Plaintiff Hilda Solis, Secretary of Labor, United States Department of Labor ("Secretary") moves for entry of a default judgment against Defendants Prakash Patel, Parul Patel, and Silverstar Hospitality, Inc., d/b/a Chaat Paradise (collectively "Defendants"). Having reviewed the papers and considered the arguments of counsel, the undersigned recommends that the Secretary's motion for entry of default judgment be GRANTED.

### I.   BACKGROUND

**A.   Procedural History**

On January 17, 2012, the Secretary filed a complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  On April 9, 2012, Defendants

were served with a summons and complaint.[1] Defendants never answered or otherwise responded to the complaint. On May 8, 2012, the Secretary moved for entry of default against Defendants.[2] On May 11, 2012, the Clerk of the Court entered default against Defendants.[3] On June 4, 2012, the Secretary moved for default judgment against ACS and provided proof of service for both the notice and motion for entry of default judgment.[4]

**B.      Factual History**

Defendants operate a restaurant under the name of Chaat Paradise in Mountain View, California, and through that operation had employees "engaged in commerce" and an annual gross volume of sales of not less than $500,000.[5] From February 22, 2011 to November 1, 2011, Cecilia Carrasco ("Carrasco"), a Wage and Hour Investigator at the San Jose office of the U.S. Department of Labor, conducted an investigation of the wages, hours, and other conditions maintained by Defendants.[6] Her investigation included "a review of Defendants' records, including payroll records, interviews with witnesses regarding hours worked and wages received, among other matters."[7]

Carrasco determined that from on or about January 19, 2009 until January 22, 2011, Defendants had their employees work longer than forty hours per week and failed to pay the employees one-and-one-half-times their regular rate for the excess hours.[8] She found that Defendants withheld overtime compensation due to fourteen of their employees amounting to

---

[1] *See* Docket No. 11.

[2] *See* Docket No. 12.

[3] *See* Docket No. 13.

[4] *See* Docket No. 16.

[5] *See* Docket No. 1.

[6] *See* Docket No. 16-2.

[7] *Id.*

[8] *See id.*

Case No.: C- 12-0249 PSG
ORDER                               2

$35,954.75.[9] She also discovered that Defendants failed to keep adequate and accurate records of their employees' hours and wages as mandated under the statute.[10]

## II.     LEGAL STANDARDS

After entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."[11] Entry of default judgment is within the court's discretion, and is governed by the following factors: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits.[12] In considering the *Eitel* factors, all factual allegations in the complaint are taken as true, except for those relating to damages.[13]

Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true.[14] So long as the allegations in the complaint are well-pleaded, liability is established as to those allegations by the default.[15]

As to damages, when the damages claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages.[16]

---

[9] *See id.* Ex. A.

[10] *See id.*

[11] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55.

[12] *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

[13] *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[14] *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

[15] *See Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977) (internal citations omitted).

Case No.: C- 12-0249 PSG
ORDER                               3

### III.   DISCUSSION

**A.   Default Judgment**

The FLSA applies to employers whose employees are "engaged in commerce" or who is an "enterprise engaged in commerce."[17] It requires those employers to pay their employees "at a rate not less than one and one-half times the regular rate" at which they are employed for "a workweek longer than forty hours."[18] Here, the Secretary alleges that Defendants' employees engage in commerce and that Defendants fail to pay them at the required rate for their work in excess of forty hours per week.[19] The allegations are sufficient to show substantive violations of the FLSA by Defendants and to satisfy the first two *Eitel* factors.

As to the remaining *Eitel* factors, they also weigh in favor of default judgment. Plaintiffs will not receive their earned but unpaid wages, which indicates prejudice if no default judgment is entered. The amount the Secretary seeks in damages, $71,909.50, while not insubstantial, is not excessive in light of the violations Defendant is alleged to have committed.[20] Because Defendants have not answered, no potential disputes of material facts are apparent. And, having been served with the summons, complaint, and application for default judgment, Defendants' default was unlikely due to excusable neglect. Finally, while the Federal Rules' strong policy favors decisions on the merits, Defendants have been aware of the pending action since January 17, 2012, but failed to answer or otherwise respond to the complaint. It is therefore unlikely that a decision on the

---

[16] *See* Fed. R. Civ. P. 55(b)(2).

[17] 29 U.S.C. §§ 207(a)(1).

[18] *Id.*

[19] *See* Docket No. 1.

[20] *Compare with Solis v. United Buffet, Inc.*, Case No. 11-cv-4194 RMW, 2012 WL 669867, at *4 (N.D. Cal. Feb. 29, 2012) (awarding $201,950.00 in backpay and $201,950.00 in liquidated damages).

Case No.: C- 12-0249 PSG
ORDER                                                    4

United States District Court
For the Northern District of California

merits is reasonably possible.[21] Notwithstanding courts' general reluctance to enter default judgment, the court recommends that it is appropriate here.

**B.     Relief Sought**

The Secretary requests $35,954.75 in unpaid back wages, $35,954.75 in liquidated damages, and an injunction preventing Defendants from committing future violations of the FLSA.[22]

### 1.     Unpaid Back Wages

Pursuant to 29 U.S.C. § 216(c), employers who violate § 207 are liable to the affected employees for the amount of "their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." "An employee seeking to recover unpaid minimum wages or overtime under the FLSA has the burden of proving that he performed work for which he was not properly compensated."[23] "Where the employer's records are inaccurate or inadequate, the employee need only produce 'sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference.'"[24] "The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate the reasonableness of the inference to be drawn from the employee's evidence."[25]

The Secretary presented charts with each of the fourteen affected employees' names and the amount in back wages owed to them.[26] The charts are the result of Carrasco's investigation of

---

[21] *See Eitel,* 782 F.2d at 1472.

[22] *See* Docket No. 16.

[23] *Brock v. Seto*, 790 F.2d 1446, 1447-48 (9th Cir. 1986).

[24] *Solis*, 2012 WL 669867, at *4 (quoting *Brock*, 790 F.2d at 1448).

[25] *Id.*

[26] *See* Docket No. 16-1 Ex. A.

Case No.: C- 12-0249 PSG
ORDER                                    5

Defendants' records and interviews with the employees.[27] The evidence is sufficient to establish a reasonable inference that the employees are owed the amount requested by the Secretary.[28] The court therefore recommends that the Secretary's request for $35,954.75 in unpaid compensation be granted.

### 2. Liquidated Damages

Employers are subject to liquidated damages under the FLSA unless they establish "'an honest intention to ascertain and follow the dictates of the Act' and . . . 'reasonable grounds for believing that [their] conduct complie[d] with the Act.'"[29] Here, Defendants have not answered the complaint and so have not presented any evidence of a good faith intention to follow the FLSA's mandates. Their long-term violations – from January 2009 to January 2011 – further evince a lack of "an honest intention to ascertain and follow the dictates of the Act."[30] Accordingly, the court recommends that the Secretary's request for $35,954.75 in liquidated damages be granted.

### 3. Injunction

"The purpose of issuing an injunction against future violations of the FLSA is to effectuate general compliance with the national policy to 'abolish substandard labor conditions.'"[31] "In deciding whether to grant injunctive relief, [the court] must weigh the finding of violations against factors that indicate a reasonable likelihood that the violations will not recur. A dependable, bona fide intent to comply, or good faith coupled with extraordinary efforts to prevent recurrence, are

---

[27] *See id.*

[28] *Cf. Solis*, 2012 WL 669867, at *4 (finding Secretary's charts supported by investigation to be sufficient evidence).

[29] *Local 246 Util. Workers Union of America v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996) (quoting *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982)).

[30] *Id.*

[31] *Solis*, 2012 WL 669867, at *4 (quoting *Brock v. Big Bear Mkt. No. 3*, 825 F.2d 1381, 1383 (9th Cir. 1987)).

Case No.: C- 12-0249 PSG
ORDER                 6

such appropriate factors. An employer's pattern of repetitive violations or a finding of bad faith are factors weighing heavily in favor of granting a prospective injunction."[32]

Defendants have presented no evidence showing an intent to comply with the FLSA or "good faith coupled with extraordinary efforts to prevent recurrence." Defendants, in fact, have presented no evidence at all because they have failed to answer the Secretary's complaint, which suggests instead "a lack of concern regarding serious infractions of federal law."[33] The court, therefore, recommends that the Secretary's request for an injunction to prevent future violations of the FLSA be granted.

### IV.    CONCLUSION

For the reasons provided above, the court recommends that the Secretary's motion for entry of default judgment be granted against Defendants as follows: (1) unpaid wages totaling $35,954.75; (2) liquidated damages totaling $35,954.75; and (3) an injunction preventing Defendants' future violation of the FLSA.

**IT IS SO RECOMMENDED.**

Dated: November  2 , 2012

　　　　　　　　　　　　　　　　　　　　　　　　　_Paul S. Grewal_
　　　　　　　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[32] *Brock*, 825 F.2d at 1383.

[33] *Solis*, 2012 WL 669867, at *4.

Case No.: C- 12-0249 PSG
ORDER                                              7